*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CURRY, Minors.

UNPUBLISHED
November 12, 2019

No. 343669; 350113
Oakland Circuit Court
Family Division
LC No. 2016-847120-NA

ON REMAND

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court for further proceedings. This case was originally before this Court in *In re Curry, Minors*, unpublished per curiam opinion of the Court of Appeals, issued February 12, 2019 (Docket No. 343669), in which we affirmed the trial court's order terminating respondent's parental rights. Respondent subsequently appealed to our Supreme Court, which remanded to this Court with instructions for us to remand to the trial court while maintaining jurisdiction. *In re Curry, Minors*, 503 Mich 1023 (2019).[1] Our Supreme Court's remand order additionally directed the trial court to reconsider its order terminating respondent's parental rights and to "apply the 'clear and convincing' evidentiary standard to the allegation of sexual abuse against the respondent-

---

[1] Despite this Court's having retained jurisdiction, respondent claimed an appeal in connection with the new termination decision, which this Court accepted as Docket No. 350113. This Court consolidated the two appeals in an unpublished order entered on August 8, 2019. *In re Curry, Minors*, unpublished order of the Court of Appeals, entered August 8, 2019 (Docket Nos. 343669; 350113).

father."[2]  *Id*.  On remand, the trial court then held an evidentiary hearing and again terminated respondent's parental rights.  We affirm.


## I.  BASIC FACTS

We previously summarized the underlying facts of this case in *In re Curry, Minors*, unpub op at 1:

> The trial court terminated respondent's parental rights to the minor children, TLC, SLC, and LAC.  In 2016, one of the children, LAC, made statements to a relative suggesting that respondent had sexually abused her.  These statements were corroborated by another individual who was present at the time.  Upon further investigation of possible abuse, one of the other children, SLC, made statements suggesting that respondent had threatened her if she spoke about matters relating to that allegation.  The trial court found that statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (g) and (j) had been proven by clear and convincing evidence and that termination was in the best interests of the children.

Following remand, the trial court held an evidentiary hearing.  Dr. Bernard Gaulier was the sole witness at the evidentiary hearing.[3]  He testified that, because of the trial court's previous findings that the allegations in the petition were true, he believed the sexual abuse at issue in this case did occur.  Dr. Gaulier also believed that termination of respondent's parental rights was in the best interest of the children.  Dr. Gaulier, however, opined that "[o]ther than what is described in the petition, based on my evaluation, there is no indication that he's dangerous or aggressive in any way."  No other evidence was offered at the evidentiary hearing.

The trial court issued its written findings and conclusions three weeks later and again terminated respondent's parental rights.  In its written order, the trial court repeatedly stated that it found statutory bases to terminate respondent's parental rights "by clear and convincing evidence" under MCL 712A.19b(3)(b)(*i*), (g) and (j).  Specifically, the trial court found, by clear and convincing evidence, that respondent sexually abused LAC.  The trial court also stated that "it has not considered Respondent-Father's failure to admit perpetrating sexual abuse upon his daughter as a basis for terminating his parental rights," and that "the evidence of what [LAC] stated to her aunt, along with the evidence that Respondent-Father tried to conceal or suppress any further disclosure is sufficient to demonstrate by clear and convincing evidence that termination of Respondent-Father['s] parental rights is warranted under MCL 712A.19b(3)(b)(*i*),

---

[2] Because out Supreme Court only remanded for the limited purpose of determining statutory bases and best interests, we will only address those issues here.  See *In re Curry, Minors*, 503 Mich at 1023.  We will not address the other issues raised in respondent's original appeal.

[3] Dr. Gaulier failed to specify, at the evidentiary hearing on remand, what kind of doctor he is.

(g), and (j)." The trial court also found that termination of respondent's parental rights was in the children's best interests.

## II. ANALYSIS

## A. STATUTORY TERMINATION FACTORS

Under MCL 712A.19b(3), petitioner has the burden of proving a statutory ground for termination by clear and convincing evidence. See MCR 3.977(A)(3) and 3.977(H)(3); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000).

"[T]he clear and convincing evidence standard [is] the most demanding standard applied in civil cases[.]" *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (brackets added). Evidence is clear and convincing when it

> "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." . . . Evidence may be uncontroverted, and yet not be "clear and convincing." . . . Conversely, evidence may be "clear and convincing" despite the fact that it has been contradicted. [*Id*., citing *In re Jobes*, 108 NJ 394, 407-408; 529 A2d 434 (1987).]

An appellate court "review[s] for clear error . . . the court's decision that a ground for termination has been proven by clear and convincing evidence." *In re Trejo*, 462 Mich at 356-357. "Clear error exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014). This Court must defer to the trial court's special opportunity to observe the witnesses. *Id.*

In the present case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), and (j), which at the time relevant provided as follows:[4]

---

[4] Pursuant to 2018 PA 58, effective June 12, 2018, subsection (3)(g) now provides as follows:

> The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Here, respondent again complains that the challenged evidence should not have been admitted and further claims that even if the evidence was admissible, petitioner nevertheless failed to prove by the requisite standard, clear and convincing evidence, that respondent sexually molested his youngest child, arguing that "[c]lear and convincing evidence requires more than a single answer to a suggestive question to a three year old."

In its opinion on remand, the trial court specifically noted that it was considering whether a ground for termination had been proven by clear and convincing evidence. The trial court in fact engaged in such an analysis, by specifically considering how various pieces of evidence corroborated each other. The trial court reviewed the allegation, first made by LAC's aunt, that while driving together LAC stated that "she was going to kiss her Barbie on the kitty. It is clear from the testimony presented that 'kitty' is the word used by [LAC] to refer to her vagina." When her aunt asked where "she got that from, [LAC] replied 'my daddy.' [LAC] then confirmed that her daddy kissed her kitty."

More significantly, the trial court relied on evidence that respondent had, on at least one occasion, told LAC not to make such statements "because someone could get in trouble and threatened to whoop [SLC, one of LAC's siblings] if she discussed touches or if [LAC] told about touches." Respondent-mother confirmed that respondent told LAC "that she should not say things like this because people could get in trouble." Respondent-mother also confirmed that the word "whoopings," as used in the home, meant spankings, and that punishments "in her home range from being sent to rooms, to taking away privileges to spankings, sometimes with a belt."

-4-

The trial court relied on that evidence to find, by the clear and convincing standard, that respondent's parental rights should be terminated. In addition to finding that respondent caused sexual abuse, the trial court also found that respondent "tried to conceal his conduct by threatening [SLC] into not disclosing the abuse. The sexual abuse coupled with Respondent-Father's actions to try to cover up the abuse and suppress any further disclosure demonstrate by clear and convincing evidence that there is a reasonable likelihood that all three children will suffer from abuse in the foreseeable future if placed in the Respondent-Father's home."[5]

On remand, the trial court noted numerous times that it was applying the "clear and convincing evidence" standard in finding a statutory basis for termination, which included a finding, also by clear and convincing evidence, that respondent sexually abused LAC. Accordingly, the trial court fully complied with our Supreme Court's remand order. For the reasons stated in *In re Curry, Minors,* unpub op at 8-9, we are not convinced that the trial court clearly erred by making these findings. Thus, the trial court did not clearly err when it found, by clear and convincing evidence, that respondent's parental rights to the children should be terminated under MCL 712A.19b(3)(b)(*i*), (g), and (j).[6]

## D. BEST INTERESTS

We previously addressed whether termination of respondent's parental rights was in the children's best interests in *In re Curry, Minors,* unpub op at 9:

---

[5] Thus, as the trial court noted, and contrary to respondent's argument, the evidence consisted of more than merely LAC's statement. The fact that the statement had been made was corroborated by several adults, and it was permissible for the trial court to view that statement as corroborating evidence, given that respondent told LAC not to discuss the incident or that she might be "whooped," meaning beaten with a belt. The trial court of course could have rejected such evidence for any number of reasons, such as lack of credibility or corroboration on the part of witnesses, including LAC, as urged by respondent; or because the factfinder could reasonably have found that respondent had an innocent reason for telling LAC to not make such statements, such as merely to avoid being the public subject of an embarrassing and serious allegation, rather than consciousness of actually having done something wrong. However, those were not the trial court's findings. Rather, the trial court found that "The lack of a satisfactory explanation leaves this court without any basis for interpreting the statements made by [LAC] at other than face value—that Respondent-Father kissed her vagina." The trial court's view of the evidence was permissible, had a reasonable basis in the evidence, and was supported by a finding by the trial court that respondent supported his statement with a threat of physical violence. Thus, the trial court's findings were not clearly erroneous, the standard which we must apply. Consequently, we decline to set aside those findings, as to do so would be beyond our purview.

[6] It would have been helpful for the trial court to set out more fully the definition of "clear and convincing evidence" and to state more clearly why its findings adhered to that standard. Nonetheless, the substance of the trial court's findings demonstrated that it in fact made its findings by the clear and convincing standard.

Respondent next argues that the trial court clearly erred in finding that termination of his parental rights was in the children's best interests. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Although termination of parental rights requires proof of at least one of the statutory termination factors on clear and convincing evidence, "the preponderance of the evidence standard applies to the best-interest determination." *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). An appellate court "review[s] for clear error . . . the court's decision regarding the child's best interest." *In re Trejo*, 462 Mich at 356-357.

In this case, in addition to the trial court's factual conclusion that respondent did sexually molest his youngest child, LAC, and chose to try to cover it up, the court had before it a psychological evaluation and also a risk assessment, both of which were prepared by experts, with respondent's cooperation. The trial court noted that the psychological evaluation concluded that "it is in the best interest of all three children to discontinue reunification efforts with Respondent-Father," that respondent "continued to deny that he tried to conceal his actions and that there is no reasonable likelihood that he intends to correct any of his problematic behaviors," and that respondent "is highly likely to continue his past behaviors and, therefore, the children would be at risk of harm if placed in his care." The risk assessment in turn weighed less dramatically in favor of termination insofar as it concluded that respondent presented a "low risk" of sexual deviance or sexual aggressiveness. But the risk assessment otherwise offered no mitigation, in that its author, after admitting that he did not meet with the children or "necessarily" consider their interests "directly from their prospective [sic]," expressed concern that respondent was "not in a working process or therapeutic process to be able to understand and to be able to work through" his issues. In fact, the author further testified that respondent "could benefit from therapy *even if in denial of his actions*, but that it would increase the time needed for therapy." (Emphasis added.)

Given the trial court's conclusions that respondent molested his daughter and attempted to cover it up, along with the confirmation of those concerns provided by the risk assessment and especially the psychological evaluation, respondent's arguments about bonding with the children or otherwise showing his ability to care for them offer but little to counter the trial court's compelling bases for concluding that termination of his parental rights was in the children's best interests. The children had already been under the court's jurisdiction for 18 months, and the trial court prioritized their need for permanence and stability. We thus find no clear error in the trial court's best-interests findings.

On remand, Dr. Gaulier testified that, if not for the trial court's determination that respondent sexually abused LAC, he would not think that respondent was dangerous. Based on the trial court determination, however, Dr. Gaulier opined that respondent did sexually abuse LAC and that termination of his parental rights were in the best interest of the children. For the reasons stated previously *In re Curry, Minors*, unpub op at 9-10, we agree that termination of respondent's parental rights was in the best interests of the children. Even setting aside the somewhat incongruous situation of an expert witness, whose role is to provide valuable "scientific, technical, or other specialized knowledge" intended to "assist the trier of fact to

understand the evidence or to determine a fact in issue," see MRE 702, instead basing his conclusions on determinations made by the factfinder, we find that there was more than sufficient evidence, without considering Dr. Gaulier's testimony at all, to support the trial court's best interest findings by a preponderance of the evidence. Specifically, the trial court's finding that defendant sexually abused his daughter, and engaged in a series of actions to cover up that fact, backed up by physical threats, more than supported the trial court's findings by a preponderance of the evidence.

      Affirmed.


                                        /s/ Colleen A. O'Brien
                                        /s/ Jonathan Tukel
                                        /s/ Anica Letica